JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. JOHNSON, et al.,<br><br>　　　　Defendants. | Case No. CV 20-9891 SB (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE**<br><br>**FRCP 41** |

　　　The Court dismisses this action with prejudice due to Plaintiff's failure: (a) to respond to the defense's dismissal motion; and (b) to prosecute the action.

　　　　　　　　　　　　　　＊ ＊ ＊

　　　1.　　This is a civil action by an inmate at the state prison in Lancaster. The complaint alleges that correctional officers used excessive force against him during several cell extractions or for the administration of antipsychotic medication. (Docket # 1.)

2. Magistrate Judge Wilner screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). Judge Wilner authorized Plaintiff to serve the complaint on a limited number of correctional officers for specified incidents identified by date. (Docket # 5.)

3. Following service of the complaint, the Attorney General appeared in the action for all defendants. The Attorney General moved to dismiss one aspect of the complaint. (Docket # 23.) Plaintiff failed to respond to the dismissal motion. On that basis, the Court dismissed the challenged portion of the complaint. (Docket # 28.)

4. After that, Judge Wilner ordered the parties to file case management reports regarding the action. (Docket # 29.) The Attorney General did so. (Docket # 32.)

5. Plaintiff did not. As a result, Judge Wilner ordered Plaintiff to show cause why the action should not be dismissed based on Plaintiff's failure to prosecute the action. (Docket # 33, 35.)[1] Plaintiff failed to respond to the magistrate judge's order.

6. In the interim, the Attorney General separately moved to dismiss the action due to Plaintiff's failure to prosecute or otherwise engage in the action. (Docket # 38.) Judge Wilner issued an order setting a deadline for Plaintiff's response to the dismissal motion. (Docket # 39.) That order expressly advised Plaintiff that his failure to respond to the motion would lead the Court to conclude that the motion was unopposed under Federal Rule of Civil Procedure 41. (Id. (citing Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019)).)

7. Plaintiff did not file any substantive response to the motion. To date, he also has not responded to the Court's OSC.

---

[1] Judge Wilner re-issued the original OSC after Plaintiff reported a change of prison address. (Docket # 34.)

\* \* \*

8. Local Rule 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion. Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

9. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails "to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

10. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

\* \* \*

11. In the present action, the Attorney General's dismissal motion – pending with the Court for several months – is unopposed. The Attorney General fairly summarized Plaintiff's failure to participate in the litigation, including his refusal to respond to the defense's discovery requests.[2] (Docket # 38 at 3-4.) Plaintiff's failure to file any response (despite an explanatory advisement from the magistrate judge) means that the Court

---

[2] The Attorney General filed its dismissal motion (cataloguing Plaintiff's failures to: respond to court orders; provide a case management report; and comply with his discovery obligation, in lieu of seeking to compel discovery under Rule 37.

3

should deem the dismissal motion unopposed under Local Rule 7-12 and grant the requested relief.

12. Additionally, Plaintiff's failure to comply with the Court's case management rules or to respond to the OSCs warrants dismissal under Rule 41. Plaintiff's silence in the face of so many court orders demonstrates that he has no interest in advancing the action here.

13. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to respond to court orders. Furthermore, because Plaintiff is a pro se litigant who did not comply with the magistrate judge's previous orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

14. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim. Therefore, the present action is DISMISSED with prejudice

IT IS SO ORDERED.

Dated: May 25, 2022

Stanley Blumenfeld, Jr.
United States District Judge

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

4